**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CHEWY, INC., Plaintiff, | ) | Civil Action No.: ______________ |
| v. | ) | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant. | ) | **JURY TRIAL DEMANDED** |

Plaintiff Chewy, Inc. ("Chewy"), for its Complaint against Defendant International Business Machines Corporation ("IBM" or "Defendant") seeking declaratory judgment of non-infringement as to the following patents: U.S. Patent Nos. 7,072,849 (the "'849 patent"), 9,569,414 (the "'414 patent"), 7,076,443 (the "'443 patent"), and 6,704,034 (the "'034 patent") (collectively, the "Asserted Patents"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35. U.S.C. § 1 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment of non-infringement of the Asserted Patents and for such other relief as the Court deems just and proper.

2. True and correct copies of the Asserted Patents are attached as Exhibits 1–4.

## THE PARTIES

3. Plaintiff Chewy, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 1855 Griffin Road, Dania Beach, Florida 33004.

4. On information and belief, Defendant International Business Machines Corporation is a New York corporation having its principal place of business at 1 New Orchard Road, Armonk, New York 10504.

5. On information and belief, Defendant is the assignee of the '849 patent, the '414

patent, the ’443 patent, and the ’034 patent.

**JURISDICTION AND VENUE**

6. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, and 1338(a). As discussed further below in paragraphs 13–24, an actual and justiciable controversy exists between Chewy and Defendant as to non-infringement of the Asserted Patents.

7. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is organized under the laws of New York and maintains its principal place of business in this jurisdiction.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

**THE ASSERTED PATENTS**

9. The ’849 patent is titled “Method for Presenting Advertising in an Interactive Service.” The ’849 patent issued on July 4, 2006 to named inventors Robert Filepp, Alexander W. Bidwell, Francis C. Young, Allan M. Wolf, Duane Tiemann, Mel Bellar, Robert D. Cohen, James A. Galambos, Kenneth H. Appleman, and Sam Meo. The face of the ’849 patent states that the patent was initially assigned to IBM.

10. The ’414 patent is titled “Method, Framework, And Program Product For Formatting And Serving Web Content.” The ’414 patent issued on February 14, 2017 to named inventors Jennifer Lai, Zhiqiang Liu, Brian J. McDonald, Laurie Miller, Yael Ravin, and Karen A. Ughetta. The face of the ’414 patent states that the patent was initially assigned to IBM.

11. The ’443 patent is titled “System And Technique For Automatically Associating Related Advertisements To Individual Search Results Items Of A Search Result Set.” The ’443 patent issued on July 11, 2006 to named inventors Michael L. Emens and Reiner Kraft. The face of the ’443 patent states that the patent was initially assigned to IBM.

12. The ’034 patent is titled “Method And Apparatus For Providing Accessibility

Through A Context Sensitive Magnifying Glass." The '034 patent issued on March 9, 2004 to named inventors Herman Rodriguez, Newton James Smith, Jr., and Clifford Jay Spinac. The face of the '034 patent states that the patent was initially assigned to IBM.

**THE PARTIES' DISPUTE CONCERNING THE ASSERTED PATENTS**

13. While IBM has obtained thousands of patents over the past 20 years, it is widely accepted that IBM does not itself make or sell any products or services covered by the vast majority of those patents. Instead, IBM has an army of lawyers who try to patent just about anything (*see* "IBM Shamed Into Giving Away Awful Patent On Email Out-Of-Office Messages," https://www.techdirt.com/articles/20170301/16185236820/ibm-shamed-into-giving-away-awful-patent-email-out-of-office-messages.shtml), and then aggressively seeks to license those patents. (*See* "Today's IBM is Acting Like a Patent Troll and Arming Active Patent Trolls, Just Like Microsoft Does," http://techrights.org/2018/10/03/ibm-suing-the-whole-industry/.)

14. As part of its licensing campaign, IBM has accused numerous well-known web-based companies of infringing very early Internet patents and demanded large sums in royalty payments to avoid costly litigation. (*See* "Today's IBM is Acting Like a Patent Troll and Arming Active Patent Trolls, Just Like Microsoft Does," http://techrights.org/2018/10/03/ibm-suing-the-whole-industry/) ("IBM uses old software patents for blackmail."). Many of those companies accused of infringement refused to take licenses and were ultimately sued by IBM. For example, since 2013, IBM has sued Twitter (2013), Priceline (2015), Groupon (2016), Expedia (2017), Zillow (2019) and Airbnb (2020). And, in the end, almost all them "basically surrendered and agreed to pay IBM loads of money without an actual trial that tests the patents at hand" (*Id.*). Only the litigation against Zillow is outstanding.

15. In furtherance of this campaign of seeking exorbitant licensing fees for early Internet patents having no value, on July 6, 2020, Ms. Leann M. Pinto of IBM sent a letter to Mr. Sumit Singh, CEO of Chewy, with the subject line "Notice of Infringement for IBM US Patent Nos.: 7,072,849; 9,569,414; 7,076,443; and 6,704,034." The letter states that Chewy "is infringing at least [the four Asserted Patents] by operation of its website Chewy.com." The letter also states

that "IBM views your continued use of all of these inventions as a serious matter" and that, while IBM "prefer[s] a negotiated business resolution," it "has been forced to resolve infringement of its patents through judicial proceedings at times." The letter further states that IBM has "initiated patent litigations against Amazon, Priceline, Expedia, Zillow, Airbnb, and Groupon, among others, to redress the unauthorized use of IBM's patented inventions."

16. On July 31, 2020, Mr. Tom McBride of IBM sent four claim charts to Chewy allegedly showing how the operation of Chewy.com infringes claim 1 of the '849 patent, claim 1 of the '414 patent, claims 1 and 5 of the '443 patent, and claim 1 of the '034 patent.

17. On October 6, 2020, Mr. Joshua L. Raskin of Greenberg Traurig sent a response to IBM on behalf of Chewy. The letter states, among other things, that "Chewy does not infringe any of the asserted claims of [the Asserted Patents] and, therefore, Chewy declines IBM's invitation to meet or otherwise discuss a 'business resolution.'" The letter further states that:

- Chewy's website cannot infringe claim 1 of the '849 patent for at least the reason that the website does not pre-fetch advertising objects for future use, while the claim recites the step of "selectively storing advertising objects at a store established at the reception system," which has been construed to require "<u>pre-fetching</u> advertising objects and storing at a store established at the reception system in anticipation of display concurrently with the applications";
- Chewy's website cannot infringe claim 1 of the '414 patent for at least the reason that the website utilizes JavaScript objects and JavaScript functions that are fetched via separate requests, while the claim recites the step of requesting a set of JavaScript objects and a set of JavaScript functions in a single HTTP request;
- Chewy's website cannot infringe claim 1 or claim 5 of the '443 patent for at least the reasons that the website does not associate any advertisements based on the words in the selected search result item, while claims 1 and 5 each requires the step of "identifying said at least one associated advertisement from said repository having at least one word that matches said at least one search result item"; and

- Chewy's website cannot infringe claim 1 of the '034 patent for at least the reason that the claim requires the step of "magnifying presentation of the object based on the object type of the object," and the images on Chewy's website are magnified based on a data-zoom-id="Zoomer" attribute and not because they are images.

Accordingly, the October 6, 2020 letter states that "Chewy does not infringe . . . and declines IBM's invitation to discuss any 'business resolution.'" The letter concludes by stating that, "[s]hould IBM continue to assert its baseless claims, you are hereby on notice that Chewy reserves all rights, including to seek its fees and costs."

18. In response to the October 6, 2020 letter, on October 16, 2020, Ms. Pinto, on behalf of IBM, sent a letter purporting to rebut Chewy's non-infringement positions as to the four Asserted Patents. The letter states that "IBM respectfully reiterates its request for a meeting with Chewy so that you may have a better understanding of IBM's position with respect to the four IBM patents that Chewy continues to infringe." In addition, in a cover email, Mr. Tom McBride, also on behalf of IBM, stated that, "[b]ased on the IBM patents being practiced by Chewy, we estimated the damages and future royalties. For Chewy, it exceeds $83 M. Not counting willfulness, this is the amount we would be seeking if this matter goes to trial." IBM then offered to settle the dispute based on a payment by Chewy of $36 million in exchange for a cross-license, pointing out that others have paid IBM for cross-licenses ranging from $20 million to $57.5 million. IBM also stated that "[t]his offer expires December 31, 2020."

19. On December 9, 2020, Mr. Raskin sent another letter to IBM, addressed to Ms. Pinto. Among other things, the letter reiterates that "Chewy does not infringe any valid claim of the four asserted IBM patents" and thus "declines to attend a meeting to discuss [IBM's meritless infringement allegations]."

20. On December 17, 2020, Ms. Pinto replied to the December 9, 2020 letter, stating that "Chewy's continued and unfounded assertions that IBM's infringement proofs are 'meritless' and patterns of behavior in its dealings with IBM would support enhanced damages under 35 U.S.C. § 284." In addition, the letter stated that, "[b]y refusing to engage in business discussions,

Chewy risks litigation and a finding of enhanced damages for willful infringement." Ms. Pinto further demanded "options for a meeting between the parties to occur before December 31, 2020."

21. On January 4, 2021, Mr. Raskin sent Ms. Pinto another letter on behalf of Chewy reaffirming Chewy's position that it does not infringe any valid claim of the Asserted Patents. Specifically, the letters states that "[y]our threats of 'willful infringement' and 'enhanced damages' have no merit, as Chewy has repeatedly explained that it does not infringe any asserted claim of any IBM patent. Moreover, in addition to not being infringed, none of those claims are valid." The letter also states that "Chewy takes allegations of patent infringement seriously, including those being made by IBM. Chewy would therefore welcome the opportunity to discuss your licensing offer, but only after IBM has adequately responded to Chewy's non-infringement and invalidity positions. Until that time, Chewy does not see how such a discussion will be productive."

22. On January 12, 2021, Ms. Pinto of IBM wrote yet another letter to Mr. Raskin, stating that "IBM maintains that Chewy infringes each of the IBM patents identified above as asserted in the claim charts already provided to Chewy and as further explained in IBM's correspondence addressed to Chewy to date." The letter further states that, "[i]f Chewy persists in maintaining its conclusory denials of infringement, it will become even more apparent that a meeting to aid Chewy's understanding of IBM's position on each patent is imperative. For Chewy to continue to resist such a meeting to address its (mis)understandings and ill-placed positions only further supports acts arising to willful infringement. That said, we direct your attention to the public pleadings in the recently-settled IBM litigation with Airbnb. Triggered by Chewy's refusal to engage in meaningful discussions to clarify points of contention, IBM will be forced to take more aggressive measures."

23. IBM has previously asserted at least the '849 patent, the '414 patent, and the '443 patent against various companies including Amazon, Priceline, Expedia, Zillow, Airbnb, and Groupon.

24. Based on the above-described actions, Chewy is under a reasonable apprehension that it will be sued by IBM for the alleged infringement of the Asserted Patents. Accordingly, as

further described herein, an actual and justiciable controversy exists between Chewy and IBM as to the non-infringement of the Asserted Patents.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the '849 Patent)**

25. Chewy restates and realleges each of the assertions set forth in the paragraphs above.

26. Chewy has not infringed and does not infringe any claim of the '849 patent directly or indirectly, either literally or under the doctrine of equivalents.

27. For example, and without limitation, as discussed in Chewy's various letters to IBM discussed above, the accused Chewy website does not practice the "selectively storing advertising objects at a store established at the reception system" limitation.

28. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Chewy and Defendant concerning the non-infringement of the '849 patent.

29. Chewy is therefore entitled to a declaratory judgment that it has not infringed the '849 patent, directly or indirectly, either literally or under the doctrine of equivalents.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the '414 Patent)**

30. Chewy restates and realleges each of the assertions set forth in the paragraphs above.

31. Chewy has not infringed and does not infringe any claim of the '414 patent directly or indirectly, either literally or under the doctrine of equivalents.

32. For example, and without limitation, as discussed in Chewy's various letters to IBM discussed above, the accused Chewy website does not practice the "requesting a set of JavaScript objects and a set of JavaScript functions in a single Hypertext Transfer Protocol (HTTP) request" limitation.

33. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Chewy and Defendant concerning the non-infringement of the '414 patent.

34. Chewy is therefore entitled to a declaratory judgment that it has not infringed the ’414 patent, directly or indirectly, either literally or under the doctrine of equivalents.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the ’443 Patent)**

35. Chewy restates and realleges each of the assertions set forth in the paragraphs above.

36. Chewy has not infringed and does not infringe any claim of the ’443 patent directly or indirectly, either literally or under the doctrine of equivalents.

37. For example, and without limitation, as discussed in Chewy’s various letters to IBM discussed above, the accused Chewy website does not practice the “identifying said at least one associated advertisement from said repository having at least one word that matches said at least one search result item” limitation.

38. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Chewy and Defendant concerning the non-infringement of the ’443 patent.

39. Chewy is therefore entitled to a declaratory judgment that it has not infringed the ’443 patent, directly or indirectly, either literally or under the doctrine of equivalents.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the ’034 Patent)**

40. Chewy restates and realleges each of the assertions set forth in the paragraphs above.

41. Chewy has not infringed and does not infringe any claim of the ’034 patent directly or indirectly, either literally or under the doctrine of equivalents.

42. For example, and without limitation, as discussed in Chewy’s various letters to IBM discussed above, the accused Chewy website does not practice the “magnifying presentation of the object based on the object type of the object” limitation.

43. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Chewy and Defendant concerning the non-infringement of the ’034 patent.

44. Chewy is therefore entitled to a declaratory judgment that it has not infringed the ’034 patent, directly or indirectly, either literally or under the doctrine of equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, Chewy respectfully requests the following relief:

A. A judgment declaring that Chewy has not infringed and does not infringe any claim of the ’849 patent, directly or indirectly, either literally or under the doctrine of equivalents;

B. A judgment declaring that Chewy has not infringed and does not infringe any claim of the ’414 patent, directly or indirectly, either literally or under the doctrine of equivalents;

C. A judgment declaring that Chewy has not infringed and does not infringe any claim of the ’443 patent, directly or indirectly, either literally or under the doctrine of equivalents;

D. A judgment declaring that Chewy has not infringed and does not infringe any claim of the ’034 patent, directly or indirectly, either literally or under the doctrine of equivalents;

E. A judgment that this is an exceptional case under 35 U.S.C. § 285 and an award to Chewy of its costs, expenses, and reasonable attorneys’ fees incurred in this action;

F. An award to Chewy of any and all other relief to which Chewy may show itself to be entitled; and

G. An award to Chewy of any other relief that the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Chewy demands a trial by jury as to all issues and claims so triable.

DATED: February 15, 2021

**GREENBERG TRAURIG, LLP**

By: */s/ Joshua L. Raskin*

Joshua L. Raskin
RaskinJ@gtlaw.com
Allan A. Kassenoff
KassenoffA@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: 212.801.9200
Facsimile: 212.801.6400

*Counsel for Plaintiff Chewy, Inc.*