UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEWY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. 1:21-cv-1319 (JSR)<br><br>**PROTECTIVE ORDER** |

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes only" (or, as applicable, "Highly Confidential Source Code -- Attorneys' Eyes only") pursuant to the terms of this Order (collectively, "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Confidentiality Designation.

2.1. The party producing any given Discovery Material may designate as "Confidential" only such portion of such material as consists of:

(a) previously nondisclosed material relating to ownership or control of any non-public company;

(b) previously nondisclosed business plans, product development information including research and development plans, or marketing plans, including previously nondisclosed customer or client information;

(c) any information of a personal or intimate nature regarding any individual; or

(d) any other category of information hereinafter given confidential status by the Court.

2.2. The party producing any given Discovery Material may designate as "Highly Confidential -- Attorneys' Eyes only" only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) trade secret information of the producing party or a third party to whom the producing party owes an obligation of confidentiality with respect to such information;

(c) confidential or proprietary source code and materials containing or reflecting such source code, in which case the designation shall be "Highly Confidential Source Code -- Attorneys' Eyes only" and the treatment of such material shall be subject to paragraph 10.1 below; or

(d) other business or technical information the disclosure of which would result in competitive, commercial, or financial harm to the producing party or a third party to whom the producing party owes an obligation of confidentiality with respect to such information and that the producing party reasonably believes would not otherwise be adequately protected under the procedures set forth herein if designated Confidential.

3. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as "Confidential" or "Highly Confidential -- Attorneys' Eyes only" (or, as applicable, "Highly Confidential Source Code -- Attorneys' Eyes only") by stamping or otherwise clearly marking as Confidential or Highly Confidential the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing party or that party's counsel may indicate on the record that a question calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing party realizes that some portion[s] of Discovery Material that that party previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as, as applicable, Confidential or Highly Confidential under the terms of this Order.

5. <u>Disclosure of Confidential Discovery Material</u>.

5.1. No person subject to this Order other than the producing party shall disclose any Discovery Material designated by the producing party as Confidential to any other person

whomsoever, except to the following persons and to the extent that disclosure of such Discovery Material is reasonably necessary for this action:

(a) designated in-house counsel of the parties who are responsible for overseeing outside counsel in this action, provided that each party may designate no more than three (3) in-house counsel absent the other party's consent, and provided further that each such persons has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(b) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) stenographers engaged to transcribe depositions conducted in this action;

(f) the Court and its support personnel; and

(g) mediators or other third parties who are appointed by the Court or jointly retained by the parties for settlement purposes and their support personnel.

5.2. No person subject to this Order other than the producing party shall disclose any Discovery Material designated by the producing party as Highly Confidential to any other person whomsoever, except, to the extent that disclosure of such Discovery Material is reasonably necessary for this action, to the persons identified in sections (b) through (g) of paragraph 5.1 above.

4

ACTIVE 56681033v13

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5.1.(a) or 5.1.(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Further, as for persons referred to in subparagraph 5.1.(d) above, such persons shall also first have been qualified to receive such materials in accordance with the procedure set out in Exhibit B hereto.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same after meeting and conferring with any other party whose confidential information may be subject to redaction in such filing, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Any party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected parties will convene a joint telephone call with the Court to obtain a ruling.

5

ACTIVE 56681033v13

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential document or information contained in any Confidential or Highly Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.1. <u>Source Code</u>. To the extent production of confidential or proprietary source code becomes necessary in this case, the following additional restrictions shall apply:

(a) Access to Confidential Discovery Material containing source code (the "Source Code Material") shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Except as provided in section (k) below, the stand-alone computer(s) shall be located and available at the New York offices of the producing party's outside counsel or at another mutually agreed-upon location. The producing party may require government-issued identification of all persons seeking access to the Source Code Material before access to the stand-alone computer(s), and each and every time a person accesses a stand-alone computer, the producing party may require each such person to complete a source code review log identifying: (1) the person's name; (2) the date and time access began; and (3) the date and time access ended.

(b) The receiving party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m., Monday through Friday, excluding Federal holidays. However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computer(s) outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the producing party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this action.

(c) The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the Source Code Material on the stand-alone computer(s). The producing party may have a representative inspect the same room as the stand-alone computer (the "Source Code Review Room") from time-to-time during any review of Source Code Material, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code and without any attempt to view work product, and shall not be present when any Reviewing party source code reviewers, attorneys, experts or consultants is discussing their review with each other or any other matter that may be subject to work product protection. The producing party shall not install any keystroke or other monitoring software on the stand-alone computer. The receiving party may not bring outside electronic devices, including but not limited to cellular devices, personal digital assistants (PDAs), tablets, laptops, USB flash drives, zip

7

drives, portable printers, devices with camera functionalities, or the like into the Source Code Review Room.

(d) In light of the COVID-19 pandemic, in addition to the procedures detailed in Paragraph 10.1(a), to the extent that either party believes in good faith that interstate travel or access to business offices is restricted as a result of the pandemic and such restriction inhibits access to each Source Code Computer containing source code produced in discovery, the parties shall meet and confer to implement alternative procedures to inspect the produced source code.

(e) The producing party will produce the Source Code Material in computer searchable format on the stand-alone computer(s) as described above. The stand-alone computer shall include software utilities which will allow reviewers to view, search, and analyze the source code. At a minimum, these utilities must provide the ability to (1) view, search, and line-number any source file, (2) search for a given pattern of text through a number of files, (3) compare two files and display their differences, and (4) compute the MD5 checksum of a file. The reviewers shall be entitled to take notes relating to the Source Code Material but may not copy any portion of the Source Code Material into the notes. The Source Code Material and any notes or other work product reflecting confidential source code information thereof shall be marked as "Highly Confidential Source Code -- Attorneys' Eyes only" and protected under this Order.

(f) Access to the Source Code Material shall be limited to outside counsel, up to four (4) outside consultants or experts (i.e., not current employees of a party) retained for the purpose of this action and approved to access Discovery Material pursuant to paragraph 5.2 above, and administrative support personnel of said consultants or

experts. A receiving party may include excerpts of the Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, and/or other Court document (the "Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(g) To the extent portions of the Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "Highly Confidential Source Code -- Attorneys' Eyes only" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "Highly Confidential Source Code -- Attorneys' Eyes only," as the producing party reasonably deems appropriate.

(h) Except as set forth in section (k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

(i) The receiving party may request, as necessary for this action, a reasonable number of pages of the Source Code Material to be printed or photocopied by the producing party, all of which shall be designated and clearly labeled "Highly Confidential Source Code -- Attorneys' Eyes only." Prior to making any such request, the receiving party agrees to meet and confer with the producing party and reach agreement on a reasonable total number of pages of the Source Code Material that may be requested for printing based on the review of the Source Code Material then

9

available, and subject to revision should additional Source Code Material subsequently be produced. A reasonable request for printouts or photocopies of the Source Code Material shall be presumed if the request does not include more than twenty-five (25) contiguous pages, and does not exceed the agreed upon total number of pages. Should the receiving party request a printout or photocopy of more than 25 contiguous pages of Source Code Material or that exceeds the agreed upon total number of pages, the parties shall meet and confer as to whether the request is reasonable. Within ten (10) business days after the receiving party has made a request for printouts or photocopies to be made of the Source Code Material or sooner if needed for an upcoming deposition, the producing party must either deliver up to four (4) sets of copies of the requested Source Code Material to the offices of the receiving party's outside counsel or object to the request if an unreasonable number of pages have been requested. The parties understand and agree that the above page limitations were agreed upon without knowledge of the number of pages of source code that may or should be necessary for use in this action, and therefore agree to meet and confer in good faith in the event a party requests a reasonable modification to the page limitations. A receiving party may not copy any Source Code Material except as set forth in section (k) below.

(j) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "Highly Confidential Source Code -- Attorneys' Eyes only" and shall continue to be treated as such.

(k) If the receiving party's outside counsel, consultants, or experts obtain printouts or photocopies of the Source Code Material, the receiving party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured

locked area in the offices of such outside counsel, consultants, or expert. The receiving party may also temporarily keep the printouts or photocopies in a secured manner at: (1) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (2) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s), even if the Source Code Computer is requested and brought to such deposition(s); and (3) an intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

(l) A producing party's Source Code Material may only be transported by the receiving party at the direction of a person authorized under section (e) above to another person authorized under that section, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in section (j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Material may be loaded onto a stand-alone computer.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production, or contain or reference the substance of the Inadvertently Disclosed Information.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an _in camera_ review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes only" (or, as applicable, "Highly Confidential Source Code -- Attorneys' Eyes only") and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed.

16.1. <u>Prosecution Bar</u>. Any outside attorney representing a party, in-house counsel of a party, or any outside consultant or expert, who reviews or otherwise learns the contents of, in whole

12

ACTIVE 56681033v13

or in part, the other party's Confidential Discovery Material[1] under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the subject matters of the patents-in-suit (including, for example, any method, apparatus, or system for: (1) magnifying and reformatting content in response to a change in focus; (2) formatting JavaScript objects using JavaScript functions requested by an HTTP request; or (3) storing, delivering, and presenting applications and targeted advertising in interactive services provided on a computer network; or (4) storing and delivering data objects for presenting applications and command functions in an interactive service provided on a computer network) on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for two (2) years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each party shall create an "ethical wall" between those persons who review or otherwise learn the contents of, in whole or in part, the other party's Confidential Discovery Material and any individuals who, on behalf of the party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of the patents-in-suit. For the avoidance of doubt, nothing in this paragraph shall preclude any person who reviews or otherwise learns the contents of, in whole or in part, the other party's Confidential Discovery Material under this Order from participating in any post-grant proceeding, except that such persons may not directly or indirectly assist in drafting, amending or proposing for substitution patent claims in any post-grant proceeding. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark

---

[1] For purposes of this paragraph 16.1 only, the Confidential Discovery Material shall be limited to material of a technical nature.

Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews Confidential Discovery Material and shall not be imputed to any other persons or attorneys at the attorneys' law firm. Further, any outside attorney representing a party, as well as any outside consultant or expert, who reviews or otherwise learns the contents of, in whole or in part, the other party's Confidential Discovery Material under this Order shall not be involved in competitive decision making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), pertaining to the field of the patents-in-suit on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one (1) year after its conclusion, including any appeals.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: _____

Dated: _____

**SO ORDERED.**

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         5/14/21

EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEWY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. 1:21-cv-1319 (JSR)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____

# EXHIBIT B
## EXPERTS AND CONSULTANTS

(a)  Experts or consultants receiving Confidential Discovery Material shall not be a current officer, director or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director or employee of a party or a competitor of a party.

(b)  Prior to disclosing any Confidential Discovery Material to any person described in Paragraphs 5.1(d) (referenced below as "Person"), the party seeking to disclose such information shall provide the producing party with written notice that includes:

> (i) the name of the Person;
> (ii) an up-to-date curriculum vitae of the Person;
> (iii) the present employer and title of the Person;
> (iv) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; and
> (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the party seeking to disclose Confidential Discovery Material shall provide such other information regarding the Person's professional activities reasonably requested by the producing party for it to evaluate whether good cause exists to object to the disclosure of Confidential Discovery Material to the outside expert or consultant.

(c)  Within seven (7) days of receipt of the disclosure of the Person, the producing party may object in writing to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Confidential Discovery Material to the Person prior to expiration of this seven (7) day period. If the producing party objects to disclosure to the Person within such seven (7) day period, the parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the

16

party objecting to the disclosure will have three (3) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(d) For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Confidential Discovery Materials in a way or ways that would violate one or more provisions contained in this Order.

(e) Prior to receiving any Confidential Discovery Material under this Order, the Person must execute a copy of the Non-Disclosure Agreement (Exhibit A hereto) and serve it on all parties.

ACTIVE 56681033v13