```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHEWY, INC.,                        :
                                    :
       Plaintiff,                   :
                                    :    21-cv-1319 (JSR)
       -v-                          :
                                    :    MEMORANDUM ORDER
INTERNATIONAL BUSINESS MACHINES     :
CORPORATION,                        :
       Defendant.                   :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is the motion of plaintiff Chewy, Inc. seeking Rule 11 sanctions against defendant International Business Machines Corporation ("IBM"). ECF No. 189. IBM filed an opposition, ECF No. 194, and Chewy, Inc. filed a reply, ECF No. 198. Based on the parties' briefs, the Court deemed this matter suitable for disposition without oral argument. See Fed. R. Civ. P. 78. Chewy seeks sanctions in connection with IBM's continuing to assert infringement claims relating to U.S. Patent No. 7,496,831 (the "'831 patent") following the Court's construction of certain disputed claim terms associated with that patent. For the reasons stated below, the Court denies Chewy's motion.

Familiarity with all prior proceedings is here assumed. In brief, this case arises out of a dispute between Chewy and IBM concerning a number of patents that claim improvements to web-based technologies. As relevant here, Chewy filed the instant

1

action on February 15, 2021, seeking a declaratory judgment of non-infringement as to four patents – U.S. Patent Nos. 7,072,849 (the "'849 patent"), 9,569,414 (the "'414 patent"), 7,076,443 (the "'443 patent"), and 6,704,034 (the "'034 patent"). On April 19, 2021, IBM filed its answer along with counterclaims for infringement of those same four patents, later amending its answer and adding a counterclaim for infringement of a fifth patent – the '831 patent.

On October 8, 2021, the Court conducted a Markman hearing in connection with the parties' claim construction disputes, including Chewy's contentions of indefiniteness as to certain of the asserted claims. The Court subsequently issued its Markman Order, adopting various claim constructions and holding the one independent claim of the '414 patent to be invalid for indefiniteness. See ECF No. 90.

On February 4, 2022, Chewy moved for summary judgment on IBM's remaining infringement claims, arguing that there was no genuine issue of material fact that Chewy does not infringe any of the asserted claims, as well as that all of the asserted claims of the '443 and '849 patents are invalid. See ECF No. 119. That same day, IBM cross-moved for partial summary judgment of no anticipation or obviousness for the asserted claims of the '831 patent. See ECF No. 130. On April 11, 2022, the Court granted Chewy's motion for summary judgment in full, holding that the

asserted claims of the '443 patent are invalid under 35 U.S.C. § 101 and that no reasonable factfinder could conclude that Chewy infringes on the other three patents, and denied IBM's motion for partial summary judgment as moot. ECF No. 183. The Court further directed the Clerk of the Court to enter final judgment in favor of Chewy, declaring that Chewy does not infringes IBM's asserted patent claims and that IBM's counterclaims are all dismissed with prejudice. Id. at 48.

With regard to the '831 patent, the Court held that no reasonable juror could find that Chewy performs either the "rendering the received page on a virtual display to form a rendered page" or the "determining whether a rendered page falls within a proximity policy" limitations. Id. at 27-36. Specifically, with respect to the "rendering" limitation, the Court stated that IBM's infringement theory depended on how the term "rendered page," a term not previously construed by the Court, should be understood. Id. at 30. Upon analyzing the intrinsic record, the Court found that a rendered page "must be in a form that essentially would be viewable were it projected onto a user's display." Id. at 32. Based on the construction and a detailed discussion of the "innerworkings of web browsers," the Court concluded that the accused render tree was not a "rendered page" and thus granted Chewy summary judgment on that basis. Id. at 32-33.

As to the "determining" limitation, the Court held that Chewy did not infringe under IBM's infringement theory because the accused @media queries were not "user-defined," as necessary under the Court's claim construction. Id. at 34-37. Specifically, although the Court recognized that Chewy's users "alter[] the pixel width of the browser, thus indirectly affecting which preset media query is triggered," the Court held that the user's role was too attenuated to make the accused @media queries "user-defined" in the sense contemplated by the specification. Id. at 36. Accordingly, the Court granted summary judgment to Chewy on that basis as well.

On April 18, 2022, after judgment had been entered, Chewy requested permission to file its Rule 11 motion, which had been served on IBM on January 20, 2022. See ECF No. 188. The Court granted permission to file the sanction motion, Id., which Chewy then filed on April 20, 2022, see ECF No. 189.

Fed. R. Civ. P. 11(b) requires an attorney "presenting to the court a pleading, written motion, or other paper . . . or later advocating it" to "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

4

>   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." <u>Ferguson v. Comm'r of Tax & Fin.</u>, 739 F. App'x 19, 21-22 (2d Cir. 2018).[1] "When considering whether to impose monetary sanctions based on

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

meritless pleadings, the operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands." Id. at 22.

Chewy's principal argument for sanctions is that IBM's position that a render tree constituted a "rendered page" was objectively unreasonable. See ECF No. 191 at 1-2. Initially, IBM's infringement theory relied on the position that the web page rendered on the virtual display is the web page displayed to the user when the user visits Chewy's webpage – that is, that the "virtual display" appearing in the claim limitation was the user's display. When this position became untenable following the Court's Markman Order construing "virtual display" to mean "a web browser onto which the page is projected prior to displaying it to the user," ECF No. 90 at 57 (emphasis added), IBM adjusted its infringement theory and instead argued that the "render tree" itself constituted the "rendered page." As Chewy argued on summary judgment and repeats in connection to the present motion, the render tree cannot be a "rendered page" because the location, and thus the spacing of the hyperlinks remains undefined at that stage, only being calculated through the layout process that follows. See ECF No. 191 at 1.

Ultimately, the Court agreed with Chewy on the merits; but it cannot be said that the arguments made by IBM bore "absolutely no

6

chance of success." Healy v. Chelsea Res Ltd., 947 F.2d 611, 626 (2d. Cir. 1991). Far from being a cut-and-dry case, resolving the parties' dispute required that the Court address difficult and highly technical issues of claim construction that had not previously been taken up in this or any other case. Indeed, as described above, the Court's analysis of the merits required digging into the "innerworkings of web browsers" and carefully sifting through web-related jargon – such as the "Document Object Model" and "CSS Object Model" trees – which, though critical to assessing the parties' competing positions, where in no way addressed by Chewy's summary judgment briefs. See ECF No. 183 at 28. None of this would have been necessary had IBM's positions – either with regard to the "rendering" or the "determining" limitations – been so obviously unmeritorious as Chewy contends in its motion.

For these reasons, the Court concludes that IBM's infringement arguments concerning the '831 patent were not frivolous. Accordingly, the Court denies Chewy's motion. The Clerk of the Court is directed to close docket number 189.

SO ORDERED.

Dated:  New York, NY
        May 12, 2022

                                        _____
                                        JED S. RAKOFF, U.S.D.J.